UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

NOEL ARNOLD,

    Petitioner,

v.                                      Case No. 5:20-cv-199-Oc-02PRL

WARDEN, FCC COLEMAN – LOW

    Respondents.
_____/

## ORDER

Petitioner, a federal prisoner proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The matter is before the court for a preliminary review under 28 U.S.C. § 2243, which provides that the court need not seek a response from the respondent when it is clear on the face of the petition that petitioner is not entitled to relief.

## BACKGROUND

On February 7, 2011, Arnold entered a plea of guilty to armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d), in the United States District Court for the Southern District of Georgia. *See United States v. Arnold*, Case No. 3:10-cr-12-DHB-BKE (S.D. Ga.) (Criminal Case, Doc. 45). The trial court sentenced petitioner to 240 months imprisonment. (Criminal Case, Doc. 53). The United States Court of Appeals of the Eleventh Circuit granted the Government's motion to dismiss Arnold's appeal pursuant to the appeal waiver in his plea agreement. (Criminal Case, Doc. 66).

Petitioner's release date is September 30, 2027. See BOP Inmate Locator, http://www.bop.gov/inmateloc/ (search by inmate number) (last visited May 12, 2020).

In his petition, Arnold seeks compassionate release to home confinement under the CARES Act and under 18 U.S.C. § 3582(c), as amended by Section 603(b) of the First Step Act, due to the COVID-19 pandemic. (Doc. 1).

## DISCUSSION

The First Step Act went into effect on December 21, 2018. *See* FSA of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Before the passage of the First Step Act, only the Director of the Bureau of Prisons could file a motion for compassionate release. Section 603(b) of the Act modified 18 U.S.C. § 3582(c)(1)(A), however, with the intent of "increasing the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5194, at * 5239 (capitalization omitted). That section now provides that a **sentencing court** may modify a sentence either on a motion of the Director of the BOP "or upon motion of the defendant after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

Here, the BOP declined to file a motion for compassionate release on petitioner's behalf, and it appears that petitioner exhausted his administrative appeals. However, even assuming petitioner fully exhausted the claim, the "BOP's decision regarding whether or not to file a motion for compassionate release is judicially

unreviewable." *Crowe v. United States*, 430 F. App'x 484, 485 (6th Cir. 2011) (collecting cases); *see DeLuca v. Lariva*, 586 F. App'x 239, 240 (7th Cir. 2014); *Cruz-Pagan v. Warden. FCC Coleman-Low*, 486 F. App'x 77, 79 (11th Cir. 2012); *Meyer v. U.S. Bureau of Prisons*, No. 3:17-cv-434-MOC, 2017 WL 3725613, at *5 (W.D.N.C. Aug. 29, 2017). If petitioner now seeks to file his own motion for compassionate release, such a motion must be filed in the sentencing court. *See* 18 U.S.C. § 3582(c)(1)(A); *see also Ray v. Unnamed Respondent*, No. 5:18-HC-2252-FL, (DE 8) (dismissing without prejudice § 2241 petition seeking compassionate release based on First Step Act amendments); *Himmel v. Upton*, No. 4:18-CV-804-O, 2019 WL 1112923, at *2 n. 6 (N.D. Tex. Mar. 11, 2019) ("any motion for compassionate release under the newly amended provision of 18 U.S.C. § 3582(c)(1)(A) should be filed in the sentencing court"); *Pappalardo v. Holland*, No. 5:18-HC-2056, (DE 24) (E.D.N.C. Mar. 8, 2019) (denying § 2241 petition seeking compassionate release and noting petitioner may seek relief in the sentencing court); *Camp v. United States of America*, No. 5:19-HC-2001-BO, (DE 7) (E.D.N.C. Mar. 6, 2019) (transferring motion for compassionate release to sentencing court); *Mohrbacher v. Ponce*, No. CV18-00513-DMG (GJS), 2019 WL 161727, at *1 n. 1 (C.D. Cal. Jan. 10, 2019) (noting whether the First Step Act supports compassionate release is properly resolved in motion for sentence reduction).

For these reasons, the court dismisses the instant petition without prejudice. Finally, reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong, and none of the issues deserve encouragement to proceed

further. *See* 28 U.S.C. § 2253(c); *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Thus, the court denies a certificate of appealability.

## CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED** without prejudice.[1]

2. A certificate of appealability is **DENIED**

3. The Clerk of Court shall close this case.

**DONE** and **ORDERED** in Tampa, Florida on May 12, 2020.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copies: Pro Se Party

---

[1] Petitioner's Eighth Amendment claim is also **dismissed without prejudice** to the Petitioner's right to re-file his claim in a civil rights complaint. It is clear from the face of the Petition that Petitioner is challenging the conditions of his confinement rather than the execution of his sentence. A writ of habeas corpus is the means by which a prisoner may challenge the legality of his confinement. The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Thus, Petitioner's Eighth Amendment claim is not cognizable under § 2241.

4